UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEI SARYTCHEV,<br><br>    Plaintiff,<br><br>    v.<br><br>VIXTOR KOROLEV, *et al*.,<br><br>    Defendants. | Case No. 12-cv-02284-NJV<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT AND SETTING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 58 |

# INTRODUCTION

Defendants Vixtor Korolev, Larisa Rumiantseva, Classic-Partner, LLC, Dmitri Gorev and Sergei Liliev have moved to set aside the default entered against them. *See* Doc. No. 58. For the reasons set forth below, the court grants Defendants' motion.

# DISCUSSION

## I. BACKGROUND

Plaintiff filed a copyright infringement complaint against Defendants, alleging that they had made unauthorized use of one of his songs. Doc. No. 1. In July 2012, after Defendants failed to respond to the operative complaint, the court entered their default. Doc. Nos. 14 & 15. Three of the defendants subsequently filed an answer, which the district court struck because default had been entered against them, cutting off their right to appear in the action. Doc. No. 33. The district court allowed defendants to file a motion to set aside default and cautioned that if they did not file that motion by October 31, 2012, Plaintiff may file a motion for default judgment. *Id*. When none of the defendants moved to set aside default by October 31, 2012, Plaintiff moved for default judgment. Doc. No. 41. On November 19, 2012, Defendants filed another answer. Doc. No. 46. Defendants did not timely oppose the motion for default judgment. *See* Doc. Nos. 48 & 49

1  (opposition filed ten days late). The district court denied Plaintiff's motion for default judgment,

2  struck Defendants' answers, and once more ordered Defendants to file a motion to set aside entry

3  of default against them:

> While defendants have shown an intent to defend the action, they must follow the proper procedures in order to proceed. First, defendants must move, under Rule 55(c), to set aside the default entered against them. Next, assuming the default is set aside, defendants may re-file their answer. Defendants must move to set aside the defaults by January 25, 2013. If defendants file anything other than a motion to set aside the default, those filings will be stricken. And if defendants miss this second deadline for a motion to set aside the default, they risk default judgment being entered against them.

Doc. No. 50.

Defendants then moved to set aside the non-existing default judgment. Doc. No. 51. With the parties' consent, the district court reassigned the case to the undersigned. Doc. No. 55. The undersigned denied Defendants' motion, without prejudice. Doc. No. 57. Specifically, the undersigned ordered that "[n]o later than March 5, 2013, Defendants shall file a motion to set aside entry of default. They shall analyze the relevant issues using the appropriate (federal) rules and caselaw and support their analysis with declarations and/or other competent evidence to establish that there is good cause to set aside the default." *Id*.

On March 4, 2013, Defendants filed their motion to set aside entry of default. Doc. No. 58. Plaintiff opposed the motion, arguing the motion should be denied, or, in the alternative, that it should only be granted on the condition that Defendants pay the attorneys' fees that Plaintiff was forced to incur as a result of Defendants' conduct. Doc. No. 60. Defendants filed a belated reply. Doc. No. 62. The motion came on for hearing on April 9, 2013.

## II. ANALYSIS

### A. Standard for setting aside entry of default.

Entry of default may be set aside for good cause under Federal Rule of Civil Procedure 55(c). *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001).

To determine whether "good cause" exists, a court considers three factors: (1) whether

reopening the default would prejudice the plaintiff; (2) whether the defendant's culpable conduct led to the default; and (3) whether the defendant had a meritorious defense. *Mesle*, 615 F.3d at 1091. While these factors are "disjunctive" and a court may deny relief if any of the three factors applies, the court's decision is discretionary. *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111-12 (9th Cir. 2011) (factors for establishing "excusable neglect" under Rule 60(b)(1) are same as factors for establishing "good cause" under Rule 55(c), and analysis "is at bottom an equitable one taking account of all relevant circumstances surrounding the party's omission"). The Ninth Circuit has an "oft stated commitment to deciding cases on the merits whenever possible." *Mesle*, 615 F.3d at 1091; *see also Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible"). Absent "'extreme circumstances,'" judgment by default is inappropriate. *Mesle*, 615 F.3d at 1091-92 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)) (district court's failure to examine "extreme circumstances" requirement for judgment by default "fundamentally altered the standard" and was reversible error). Doubts as to the propriety of a default judgment should be resolved against the party seeking default. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). The party seeking to set the default aside bears the burden of establishing good cause exists to vacate the default. *TCI*, 244 F.3d at 696.

**B.  There is good cause to set aside entry of default in this case.**

Although this case presented a close question, the court ultimately concludes that there is good cause for setting aside default in this instance.

First, reopening the case would not prejudice Plaintiffs. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI*, 244 F.3d at 701 (citing *Falk*, 739 F.2d at 463). Being forced to litigate on the merits cannot be considered prejudicial in this context. Although Plaintiff is understandably frustrated by the needless delay Defendants' conduct occasioned, Plaintiff has not demonstrated his ability to pursue the claim would be hindered if Defendants were allowed to proceed on the merits.

Second, while Defendants may have been negligent in their handling of this lawsuit, the

3

1 court finds that they were not "culpable." A movant is not "culpable" simply because it

2 intentionally decided not to answer a complaint. *See TCI*, 244 F.3d at 697. The Ninth Circuit has

> typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. . . [I]t is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without demonstration that other equitable factors, such as prejudice, weigh heavily in favor of a denial of the motion to set aside a default.

*Mesle*, 615 F.3d at 1092-93 (finding of culpability requires conduct that is more like bad faith, such as with "an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process"). Here, although Defendants were dilatory in responding to the complaint, they filed answers less than a month after Plaintiff obtained entry of default. *See* Doc. Nos. 15, 20, 21. Because their default already had been entered, however, the answers were improper and were stricken. Doc. No. 35. While the answers were stricken, they put Plaintiff on notice of Defendants' intent to defend the lawsuit, and of the defenses that would be asserted, no later than July 2012. Under these circumstances, Defendants are not "culpable" for purposes of the Rule 55 analysis.

Finally, Defendants present facts that, if true, would constitute a defense. Defendants do not need to establish that they will prevail on the defense, only that the defense is legally cognizable and would constitute a complete defense to the action if proved at trial. *See Integrated Sports Media, Inc. v. Mendez*, 2011 U.S. Dist. LEXIS 60450, *5 n.1 (N.D. Cal. May 11, 2011). The court need not determine whether the facts are true at this time, as that question "would be the subject of the later litigation." *TCI*, 244 F.3d at 700. The burden to demonstrate the existence of meritorious defenses "is not extraordinarily heavy." *Id.*; *see also Mesle*, 615 F.3d at 1094 (describing burden as "minimal"). In their moving papers, Defendants referred to one of the many affirmative defenses listed in their proposed unverified answer. *See* Doc. No. 58 at 5 (arguing they had permission to use the copyrighted work). Mere conclusory statements are insufficient to establish a meritorious defense on a motion for relief from entry of default. *See Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (no abuse of discretion to deny relief from entry of default where

1    defendant relied on proposed unverified answer consisting of "mere general denial without facts to
2    support it" and an affidavit which had nothing "to do with the facts charged against" the defendant
3    in the complaint to attempt to establish existence of meritorious defense). Dissatisfied with
4    Defendants' showing, the undersigned ordered them to be prepared to discuss the specific facts
5    establishing the existence of a meritorious defense at the hearing. *See* Doc. No. 61. Defendants at
6    oral argument represented that they were given rights to use the music at issue. Because of the
7    Ninth Circuit's "oft stated commitment to deciding cases on the merits whenever possible"
8    (*Mesle*, 615 F.3d at 1091), the undersigned concludes that this meager offer of proof is sufficient
9    in this instance.
10   There is good cause to set aside the default.

**III.    SANCTIONS**

District courts have the discretion to impose reasonable conditions when setting aside entry of default. *Nilsson, Robbins et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1546-47 (9th Cir. 1988). Here, Plaintiff asks the court to condition any order setting aside default on Defendants' payment of $15,570 in attorneys' fees and $553.25 in costs. *See* Doc. No. 60. The declaration of Steven Barnhill sets out the fees and costs Plaintiff incurred in connection with the motion for entry of default, motions to strike various answers, the motion for default judgment, and the opposition to the two motions to set aside entry of default. *See* Doc. No. 60-1. Defendants did not respond to Plaintiff's request for fees and costs, and as such, the request was unopposed. At the hearing, Defendants stated that they expected to argue the issue at the hearing, and "absolutely oppose" the request for fees.

The undersigned finds that Defendants' repeated violations of the Federal Rules of Civil Procedure and of the district court's orders imposed needless costs on Plaintiff and wasted judicial resources. Defendants' counsel notes that some of these costs were incurred before he was retained in the matter and represents that he underwent open-heart surgery during the pendency of these proceedings. The court also notes that instead of moving to strike the answers, Plaintiff could have chosen a less hard-fought (and less expensive) route and stipulated to setting aside the entry of default. Although this was, once again, a close question, the court will not impose

sanctions at this time, and will not condition setting aside the default on a payment of fees by Defendants.

### IV. CASE MANAGEMENT CONFERENCE

The court hereby schedules an initial case management conference for May 21, 2013 at 2 p.m. The parties are ordered to meet and confer and file a joint case management statement no later than May 14, 2013. *See* N.D. Civ. L.R. 16-9(a); Standing Order For All Judges Of The Northern District Of California.

The court understands that defense counsel's representation of his clients is complicated by geographic distance and a significant time difference, and encourages defense counsel to take this into account when working on discovery and anticipating future deadlines, as it is neither Plaintiff's responsibility nor the court's to accommodate that difficulty. From this point on, the court will hold the parties **strictly accountable** to all applicable rules of federal procedure, local rules, standing orders, and case management orders. The court will entertain sanctions for any further violations of any applicable rules or deadlines. Given the parties' apparent frustration with each other's efforts to communicate, the court urges them to schedule regular conferences in an attempt to avoid further delay, and will order a mandatory conference schedule if it appears necessary.

## CONCLUSION

The court GRANTS Defendants' motion to set aside the entry of default against them. Within ten days of the date of this order, Defendants SHALL FILE their answer. Failure to comply with the terms of this order may result in default judgment and/or terminating sanctions pursuant to the court's inherent authority to enforce its orders.

//

//

//

//

//

The parties shall appear telephonically for an initial case management conference on May 21, 2013 at 2:00 p.m., by dialing 1-888-684-8852 and entering 1868782# as the access code.

**IT IS SO ORDERED**.

Dated: April 11, 2013

_____
Nandor J. Vadas
United States Magistrate Judge