United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SERGEI SARYTCHEV,

Plaintiff,

v.

VIXTOR KOROLEV, et al.,

Defendants.

Case No. 12-cv-02284-NJV

**ORDER VACATING HEARING AND GRANTING PLAINTIFF'S MOTION TO COMPEL**

Re: Dkt. No. 74

Before the court is Plaintiff's motion to compel initial disclosures and discovery from Defendants. Pursuant to Civil Local Rule 7-1(b), the court will determine this matter without oral argument and therefore vacates the hearing scheduled for September 3, 2013. For the reasons stated below, the court will grant Plaintiff's motion to compel.

## BACKGROUND

Defendants allege that they received "express permission" to use the song at issue in this copyright infringement action. Plaintiff propounded discovery, asking, *inter alia*, for all facts and documents that support or tend to support this and Defendants' other affirmative defenses. Defendants served their responses to Plaintiff's discovery approximately two weeks after the deadline for doing so. Dissatisfied with Defendants' responses to their discovery requests, Plaintiff met and conferred with Defense counsel. Although the parties agreed to file a joint stipulation outlining the parties' respective positions, Defense counsel ultimately failed to participate in this effort. Plaintiff therefore filed this motion to compel. Doc. No. 74. Defendants filed a three paragraph opposition, in which they represent that Defendants have provided all documents in their possession and answered all interrogatories to the best of their knowledge,

1   information, and belief.  Doc. No. 77.  Defense counsel further encouraged Plaintiff to take his

2   clients' depositions if he was not satisfied with their answers.  Defense counsel did not address

3   Plaintiff's motion to compel further initial disclosures.  For the reasons stated below, the court will

4   grant Plaintiff's motion to compel.

5   **A. Document Requests.**

6   In response to the document requests, Defendants produced one document ("Exhibit A"),

7   which appears to be a document purported to be issued by the Arbitration Court of Moscow in a

8   copyright action involving parties other than those before this court, as well as an unsigned

9   "license" from "Society" to "User" that is valid "until October 12, 2005" to use songs from an

10  album entitled "Moscow Naughty Funseeker."  Doc. No. 75, Ex. 18.  In opposing the motion to

11  compel, Defendants represent they have provided Plaintiff with all the documents in their

12  possession.  Doc. No. 77.  The court notes that the two documents provided appear to be

13  uncertified translations, and that the original documents from which they were presumably

14  translated have not been produced.  Also not produced are any emails or cover letters transmitting

15  the documents to Defendants.  Within 21 days of the date of this order, Defendants shall provide a

16  declaration stating (1) whether they have produced all responsive documents in their possession,

17  custody, or control (including any documents that have been stored electronically or off-site); and

18  (2) whether they have withheld any documents pursuant to objections.

19  **B. Interrogatories.**

20  Plaintiffs served interrogatories asking Defendants to state all facts in support of their

21  affirmative defenses.  Defendants responded to the discovery approximately two weeks after the

22  deadline for doing so.  *See* Doc. No. 75 (Barnhill Decl.) ¶¶ 18-21 (discovery propounded May 8,

23  2013; responses received June 25, 2013).  Defendants do not refute Plaintiff's declaration

24  concerning the lateness of their responses.  *See* Doc. No. 77.  In granting Defendants' motion to

25  set aside their defaults, the court acknowledged that defense counsel's representation of his clients

26  was complicated by distance and time difference, and "encourage[d] defense counsel to take this

27  into account when working on discovery and anticipating future deadlines, as it is neither

28  Plaintiff's responsibility nor the court's to accommodate that difficulty."  The court further warned

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   the parties that, from that point forward, it would hold them "strictly accountable" to all applicable

2   rules and would "entertain sanctions for any further violations of any applicable rules or

3   deadlines." Doc. No. 64 at 6.  Despite the court's warning, Defendants responded to the discovery

4   requests two weeks after the deadline for doing so had passed.  The court accordingly finds that

5   Defendants have waived any objections to the interrogatories.  *See* Fed. R. Civ. P. 33(b)(4); *Davis*

6   *v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).  The court's finding that Defendants have waived

7   all objections extends to the attorney work product doctrine and the attorney-client privilege, but

8   only until the date of filing this lawsuit.

9          Defendants' belated responses to the interrogatory also are substantively inadequate.

10  Whereas Plaintiff asked Defendants to "state all facts" that support their denials and affirmative

11  defenses (Doc. No. 75, Ex. 19), Defendants asserted that they "had express permission and

12  therefore a constitutional right to use the alleged infringed upon work." *See* Doc. No. 75, Ex. 20

13  (Defendants use variations of the same assertion in response to most of the interrogatories).

14  Defendants' conclusory response fails to "state all facts."  Indeed, it fails to state any facts

15  regarding the "express permission" Defendants received, including *who* gave permission, *when*, *to*

16  *whom*, and *for what*.  Defendants must provide all the information known or available to them by

17  reviewing their records, and consulting with their agents or employees.  In opposition to the

18  motion to compel, Defendants argue that they have "answered all of the Plaintiff's Interrogatories

19  to the best of their knowledge information and belief." Doc. No. 77.  If Defendants cannot

20  provide any additional facts in response to the Interrogatories, each of them shall submit a

21  declaration, under oath, setting forth the efforts they undertook to obtain the requested

22  information, and the basis on which they rely in asserting that they had "express permission" to

23  use the work.

24         Defendants shall supplement their responses to Interrogatories 1-14 and 17-24 within 21

25  days of the date of this order.

26  **C. Initial Disclosures.**

27         Defendants' Rule 26 disclosures are also inadequate.  Defendants shall review Fed. R. Civ.

28  P. 26(a) and provide the information required therein.  Whether Defendants "agree" that some of

1   the individuals identified in Plaintiff's initial disclosures are "likely to have discoverable

2   information" is immaterial.  Defendants also shall review Fed. R. Civ. P. 37(c).  Within 21 days of

3   the date of this order, Defendants shall fully comply with their obligations under Rule 26.

4

5        **IT IS SO ORDERED**.

6   Dated: August 20, 2013

7   _____

8        NANDOR J. VADAS
         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California