UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SERGEI SARYTCHEV,<br><br>    Plaintiff,<br><br>    v.<br><br>VIXTOR KOROLEV, et al.,<br><br>    Defendants. | Case No. 12-cv-02284-NJV<br><br>**ORDER VACATING HEARING AND GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>Re: Dkt. No. 74 |

Before the court is Plaintiff's motion to compel initial disclosures and discovery from Defendants. Pursuant to Civil Local Rule 7-1(b), the court will determine this matter without oral argument and therefore vacates the hearing scheduled for September 3, 2013. For the reasons stated below, the court will grant Plaintiff's motion to compel.

## BACKGROUND

Defendants allege that they received "express permission" to use the song at issue in this copyright infringement action. Plaintiff propounded discovery, asking, *inter alia*, for all facts and documents that support or tend to support this and Defendants' other affirmative defenses. Defendants served their responses to Plaintiff's discovery approximately two weeks after the deadline for doing so. Dissatisfied with Defendants' responses to their discovery requests, Plaintiff met and conferred with Defense counsel. Although the parties agreed to file a joint stipulation outlining the parties' respective positions, Defense counsel ultimately failed to participate in this effort. Plaintiff therefore filed this motion to compel. Doc. No. 74. Defendants filed a three paragraph opposition, in which they represent that Defendants have provided all documents in their possession and answered all interrogatories to the best of their knowledge,

information, and belief. Doc. No. 77. Defense counsel further encouraged Plaintiff to take his clients' depositions if he was not satisfied with their answers. Defense counsel did not address Plaintiff's motion to compel further initial disclosures. For the reasons stated below, the court will grant Plaintiff's motion to compel.

### A. Document Requests.

In response to the document requests, Defendants produced one document ("Exhibit A"), which appears to be a document purported to be issued by the Arbitration Court of Moscow in a copyright action involving parties other than those before this court, as well as an unsigned "license" from "Society" to "User" that is valid "until October 12, 2005" to use songs from an album entitled "Moscow Naughty Funseeker." Doc. No. 75, Ex. 18. In opposing the motion to compel, Defendants represent they have provided Plaintiff with all the documents in their possession. Doc. No. 77. The court notes that the two documents provided appear to be uncertified translations, and that the original documents from which they were presumably translated have not been produced. Also not produced are any emails or cover letters transmitting the documents to Defendants. Within 21 days of the date of this order, Defendants shall provide a declaration stating (1) whether they have produced all responsive documents in their possession, custody, or control (including any documents that have been stored electronically or off-site); and (2) whether they have withheld any documents pursuant to objections.

### B. Interrogatories.

Plaintiffs served interrogatories asking Defendants to state all facts in support of their affirmative defenses. Defendants responded to the discovery approximately two weeks after the deadline for doing so. *See* Doc. No. 75 (Barnhill Decl.) ¶¶ 18-21 (discovery propounded May 8, 2013; responses received June 25, 2013). Defendants do not refute Plaintiff's declaration concerning the lateness of their responses. *See* Doc. No. 77. In granting Defendants' motion to set aside their defaults, the court acknowledged that defense counsel's representation of his clients was complicated by distance and time difference, and "encourage[d] defense counsel to take this into account when working on discovery and anticipating future deadlines, as it is neither Plaintiff's responsibility nor the court's to accommodate that difficulty." The court further warned

2

the parties that, from that point forward, it would hold them "strictly accountable" to all applicable rules and would "entertain sanctions for any further violations of any applicable rules or deadlines." Doc. No. 64 at 6. Despite the court's warning, Defendants responded to the discovery requests two weeks after the deadline for doing so had passed. The court accordingly finds that Defendants have waived any objections to the interrogatories. *See* Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The court's finding that Defendants have waived all objections extends to the attorney work product doctrine and the attorney-client privilege, but only until the date of filing this lawsuit.

Defendants' belated responses to the interrogatory also are substantively inadequate. Whereas Plaintiff asked Defendants to "state all facts" that support their denials and affirmative defenses (Doc. No. 75, Ex. 19), Defendants asserted that they "had express permission and therefore a constitutional right to use the alleged infringed upon work." *See* Doc. No. 75, Ex. 20 (Defendants use variations of the same assertion in response to most of the interrogatories). Defendants' conclusory response fails to "state all facts." Indeed, it fails to state any facts regarding the "express permission" Defendants received, including *who* gave permission, *when*, *to whom*, and *for what*. Defendants must provide all the information known or available to them by reviewing their records, and consulting with their agents or employees. In opposition to the motion to compel, Defendants argue that they have "answered all of the Plaintiff's Interrogatories to the best of their knowledge information and belief." Doc. No. 77. If Defendants cannot provide any additional facts in response to the Interrogatories, each of them shall submit a declaration, under oath, setting forth the efforts they undertook to obtain the requested information, and the basis on which they rely in asserting that they had "express permission" to use the work.

Defendants shall supplement their responses to Interrogatories 1-14 and 17-24 within 21 days of the date of this order.

**C. Initial Disclosures.**

Defendants' Rule 26 disclosures are also inadequate. Defendants shall review Fed. R. Civ. P. 26(a) and provide the information required therein. Whether Defendants "agree" that some of

the individuals identified in Plaintiff's initial disclosures are "likely to have discoverable information" is immaterial.  Defendants also shall review Fed. R. Civ. P. 37(c).  Within 21 days of the date of this order, Defendants shall fully comply with their obligations under Rule 26.

**IT IS SO ORDERED**.

Dated: August 20, 2013

_____
NANDOR J. VADAS
United States Magistrate Judge