1  BARNHILL & VAYNEROV LLP
   Steven M. Barnhill, Bar No. 123000
2  Maxim Vaynerov, Bar No. 177520
   8200 Wilshire Blvd., Suite 400
3  Beverly Hills, California 90211
   Tel: (310) 943-8989 / Fax: (310) 943-8998
4  E-mail: smbarnhill@aol.com

5  LAW OFFICES OF OLGA ZALOMIY, PC
   Olga Zalomiy, Bar No. 250699
6  8200 Wilshire Blvd., Suite 400
   Beverly Hills, California 90211
7  Tel: (310) 461-3776
   E-mail: olga@creativelegalservice.com
8
   **Attorneys for**: Plaintiff
9  Sergei Sarytchev

10

11                 **UNITED STATES DISTRICT COURT**

12               **NORTHERN DISTRICT OF CALIFORNIA**

13

14  SERGEI SARYTCHEV,                    )  Case No.: CV12-02284 PJH
                                         )
15            Plaintiff,                 )  NOTICE OF MOTION AND
                                         )  MOTION FOR PARTIAL SUMMARY
16       vs.                             )  JUDGMENT ON PLAINTIFF'S
                                         )  FIRST CLAIM FOR COPYRIGHT
17  VICTOR KOROLEV, LARISA               )  INFRINGEMENT; MEMORANDUM
    RUMIANTSEVA, CLASSIC-PARTNER         )  OF POINTS AND AUTHORITIES IN
18  LLC,  DMITRI GOREV AND SERGEI        )  SUPPORT THEREOF
    LILIEV.                              )
19                                       )  [Declaration of Olga Zalomiy and
            Defendants.                  )  Proposed Order Filed Concurrently
20  _____ )  Herewith]

21                                          Date:        January 7, 2014
                                            Time:        10:00 a.m.
22                                          Ctrm:        205A

23                                          Action Filed:    May 7, 2012
                                            Disc. Cutoff:    November 18, 2013
24                                          Pretrial Conf.:  April 15, 2014
                                            Trial Date:      June 9, 2014
25

26

27

28

1 | TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

2 |     PLEASE TAKE NOTICE that on January 7, 2014, at 10:00 a.m. or as soon
3 | thereafter as the matter may be heard in Courtroom 205A of this Court located at 514
4 | H. Street, Eureka, California, before United States Magistrate Judge Nandor J. Vadas,
5 | Plaintiff Sergei Sarytchev ("Plaintiff") will, and hereby does, move for an order
6 | granting partial summary judgment that Defendants have infringed Plaintiff's
7 | copyright.

8 |     This Motion is made on the grounds that there is no genuine dispute as to any
9 | material fact regarding Plaintiff's First Claim for Copyright Infringement, and that
10 | Plaintiff is entitled to judgment as a matter of law.

11 |     This Motion will be based upon this Notice of Motion; the Memorandum of
12 | Points and Authorities filed herewith, and the accompanying Declaration of Olga
13 | Zalomiy; the papers and records on file herein, including the Declaration of Plaintiff
14 | Sergei Sarytchev filed herein on November 14, 2012 (Doc. No. 42) and the
15 | Declaration of Olga Zalomiy filed herein on November 14, 2012 (Doc. No. 43); such
16 | supplemental memoranda of points and authorities and declarations that may be filed;
17 | all matters which may be judicially noticed; and such other evidence as may be
18 | presented at the hearing.

19 |

20 | DATED: November 21, 2013.     BARNHILL & VAYNEROV LLP

21 |

22 |     By:   Steven M. Barnhill
23 |     Attorneys for Plaintiff Sergei Sarytchev

24 |

25 |

26 |

27 |

28 |

1

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION.......................................................................................... 1

II.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT UNDER RULE
      56 BASED ON DEFENDANTS' DEEMED ADMISSIONS. ............................ 4

      A. The Undisputed Evidence Establishes Defendants' Liability For Violating
         The Copyright Act. ............................................................................. 5

      B. Defendants Should Be Permanently Enjoined From Future Infringement Of
         Plaintiff's Copyrights. ........................................................................ 6

         1. Plaintiff Has Suffered Irreparable Injury........................................ 6

         2. Monetary Damages Are Not Adequate To Compensate Plaintiff For His
            Injury........................................................................................... 7

         3. A Permanent Injunction Is Warranted Under The Balance Of Hardships
            Factor.......................................................................................... 7

      C. Plaintiff Is Entitled To Actual Damages, Defendants' Profits, And His
         Attorneys' Fees And Costs. ................................................................ 8

         1. Actual damages. ......................................................................... 8

         2. Profits. ...................................................................................... 9

         3. Attorneys' Fees And Costs. ........................................................ 10

III.  CONCLUSION. ........................................................................................ 10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## __TABLE OF AUTHORITIES__

2

Cases

3

*American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F2d 1117 (5th Cir. 1991)...........................................................................................5

4

*Castiglione v. United States Life Ins. Co. in City of N.Y.*, 262 F.Supp.2d 1025 (D AZ 2003) .................................................................................................5

5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................................................4

6

*Donovan v. Carls Drug Co.*, 703 F.2d 650 (2d Cir. 1983)...............................4

7

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ...............................6

*Historical Research v. Cabral*, 80 F.3d 377 (9th Cir. 1996) ..........................10

8

*In re Carney*, 258 F.3d 415 (5th Cir. 2001) ......................................................5

9

*Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002)................................................8

10

*Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686 (2d Cir. 1966) .......................4

*O'Bryant v. Allstate Ins. Co.*, 107 FRD 45 (D CT 1985) .................................5

11

*Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) ...........8

12

*Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132 (9th Cir. 1986)......7, 8

13

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) ...............4

*See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)..........5

14

*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977)...........................................................................................9

15

*United States v. Kasuboski*, 834 F.2d 1345 (7th Cir. 1987) .............................5

16

*Universal City Studios, Inc. v. Film Ventures International, Inc.*, 543 F. Supp. 1134 (C.D. Cal. 1982)...................................................................................7

17

*William R. Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526 (1924)..................7

18

19

Statutes

20

17 U.S.C. §504(a), (b).......................................................................................8

17 U.S.C. §504(b) .............................................................................................9

21

17 U.S.C. §106(1), (2), (3) ...............................................................................5

22

17 U.S.C. §502(a).............................................................................................6

23

17 U.S.C. §505 ................................................................................................10

24

Fed. R. Civ. P. 36(a) ........................................................................................4

Fed. R. Civ. P. 36(a)(3).....................................................................................1

25

Fed. R. Civ. P. 56.............................................................................................4

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

On May 7, 2012, Plaintiff filed his Complaint against Defendants Victor Korolev, Larisa Rumiantseva, Dmitri Gorev and Classic-Partner LLC, and on May 24, 2012, Plaintiff filed his First Amended Complaint ("FAC") to add Serfei Liliev as a defendant.  The FAC states a first claim against all Defendants for Copyright Infringement, alleging Defendants infringed on Plaintiff's copyrights in the song "Ya Moskovskiy Ozornoy Gulyaka" ("the Gulyaka Music");[1] a second claim against Korolev, Rumiantseva and Liliev for Misrepresentation of Copyright Infringement; and a third claim against all Defendants for Unfair Business Practices.  (Doc. No. 6).

On April 30, 2013, Defendants filed their answer to the FAC denying Plaintiff's claims and setting out several affirmative defenses. (Doc. No. 65).

However, on September 26, 2013, Plaintiff served each Defendant with a First Set of Requests for Admissions.  **Exhibits 1-5** to the Declaration of Olga Zalomiy ("Zalomiy Declaration").  As Plaintiff's Requests for Admissions were served by mail, Defendants' responses were due by October 29, 2013.  However, Defendants failed to respond.  Zalomiy Declaration, ¶2.  As a result, the matters within Plaintiff's Requests for Admissions to Defendants are deemed admitted under Fed. R. Civ. P. 36(a)(3).  More specifically, the matters which are deemed admitted and require no further proof include the following:

1.     Defendants do not have any defenses to Plaintiff's claims.  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission No. 1**.

2.     The denials asserted in Defendants' answer to Plaintiff's First Amended Complaint have no merit.  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission No. 2**.

---

[1] The FAC alleges that in 2004, Defendant Korolev recorded his performance of the song "Ya Moskovskiy Ozornoy Gulyaka" including Plaintiff's music (i.e., a "cover version" of Plaintiff's Work), and that Defendants distributed a DVD of that performance from 2004 to the present.  The FAC further alleges that in 2012 Defendants twice uploaded to YouTube, a second "cover version" of Plaintiff's Work performed by Defendant Korolev.

3.     The affirmative defenses asserted in Defendants' answer to Plaintiff's First Amended Complaint have no merit.  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission No. 3**.

4.     Plaintiff is the author and owner of the Gulyaka Music.  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission Nos. 28 and 29**.

5.     Defendants have no rights in or to the Gulaka Music.  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission No. 30**.

6.     Plaintiff never gave permission to Defendant Korolev to perform the Gulyaka Music.  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission No. 21**.

7.     Defendant Korolev performed the Gulaka Music in a music video titled "Ya Moskovskiy Ozornoi Gulyaka" ("the Infringing Video").  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission Nos. 14-17**.

8.     The Infringing Video was included in a 2004 DVD titled "Moskovskiy Ozornoi Gulyaka" and featured on the website "www.korolev-viktor.ru."  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission No. 18**.

9.     Defendants or persons under their direction or control uploaded the Infringing Video to a video channel maintained on YouTube.  **Exhibits 1-5** to the Zalomiy Declaration, **Request for Admission Nos. 19-20**.

Thus, it is admitted that Plaintiff owns the copyright in Gulyaka Music and that Defendants violated those rights.  Moreover, because it is deemed admitted that Defendants' denials and defenses have no merit, the factual allegations in Plaintiff's First Amended Complaint are admitted, including:

In 1983, Plaintiff authored music to ten songs that were fixed in a tangible medium as an album under the name "Gulyaka," which may be translated into English as "Rogue."  The main song of the album was "Ya Moskovskiy Ozornoy Gulyaka," with Plaintiff's music ("the Gulyaka Music").  FAC ¶15.  Plaintiff owns exclusive rights to the Gulyaka Music, including the rights to reproduce, distribute or license the

reproduction of the copyrighted works online and in the United States and around the world.  FAC ¶16-20.

Defendant Korolev is a Russian musician.  FAC ¶21. Defendant Rumiantseva is an administrator of Korolev's video channel located at YouTube.com.  FAC ¶¶21, 32, 45.  Defendant Classic-Partner, LLC is a Russian limited liability company.  FAC ¶5.  Defendants Gorev and Liliev are members of Classic-Partner.  FAC ¶¶6, 7.

In or about 2004, Defendants reproduced recorded, produced, released, published, distributed, sold, performed, and advertised a video composition, which copied the Gulyaka Music in its entirety without Plaintiff's authorization, and synchronized this unauthorized reproduction with an unlicensed performance of the Gulyaka Music by Defendant Korolev ("the Infringing Video").  FAC ¶¶22-35, 41, 54-55.

Defendants included the Video under the title "Ya Moskovskiy Ozornoi Gulyaka" in 2004 DVD that was manufactured and/or distributed by Classic-Partner, LLC ("the Infringing DVD").  FAC ¶¶23.

In April of 2012, a YouTube user identified as "MrKorolevViktor," a user name of Defendants Korolev and/or Rumiantseva, uploaded the Infringing Video to the official video channel of Viktor Korolev maintained on YouTube.  FAC ¶30-31.

In the same month, a YouTube user "goldenchanson," a user name used by Defendant Liliev, uploaded the Infringing Video on YouTube.  FAC ¶54-55.

A user uploads a video by using the YouTube website, creating an account, and then selecting a video file from the user's computer to upload and store on YouTube's computer servers in California.  FAC ¶36.  Uploaded video files are automatically processed by YouTube's system into various formats which are stored in such a way that anyone with Internet access can view them, whether on a personal computer or a mobile device.  FAC ¶36.  When a member of the public within the United States views a video on YouTube.com, a website which is hosted with the United States, the video is reproduced, distributed and publicly displayed within the United States.  FAC

¶37.  Therefore, by uploading and storing the Video on YouTube's services in California for display within the United States, Defendants Korolev, Rumiantseva, Liliev, Gorev and Classic-Partner, LLC caused the Infringing Video's reproduction, distribution, public performance and public display in the United States.

## II.   PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT UNDER RULE 56 BASED ON DEFENDANTS' DEEMED ADMISSIONS.

"Summary judgment is appropriate when no genuine and disputed issues of material fact remain, and when, viewing the evidence most favorably to the nonmoving party the movant is clearly entitled to prevail as a matter of law." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 949 (9th Cir. 2009) (citing Fed. R. Civ. P. 56).  For those issues on which Plaintiff bears the burden of proof at trial, he must make a *prima facie* showing in support of his position.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to Defendants to produce facts controverting Plaintiff's position.  *Celotex*, 477 U.S. at 324.

Under the Federal Rules of Civil Procedure, "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action . . . of the truth of any matters within the scope of Rule 26(b)(1)."  Fed. R. Civ. P. 36(a). "The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ." *Id.*

Moreover, matters deemed admitted are conclusively established, and are sufficient to form the basis for summary judgment.  Fed. R. Civ. P. 36(b); *see also Donovan v. Carls Drug Co*., 703 F.2d 650, 651 (2d Cir. 1983) (Rule 36 admissions may be used for Rule 56 summary judgment), rev'd on other grounds *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133-34 (1988); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966) ("It appears well settled that a failure to respond to a request to admit will permit the District Court to enter summary judgment if the facts as admitted are dispositive."); *American Auto. Ass'n (Inc.) v. AAA Legal Clinic of*

*Jefferson Crooke, P.C.*, 930 F2d 1117, 1120 (5th Cir. 1991); *O'Bryant v. Allstate Ins. Co.*, 107 FRD 45, 48 (D CT 1985).  Furthermore, unlike admissions made in interrogatory answers or depositions, admissions made in Requests for Admissions are binding and <u>cannot</u> be explained away or contradicted by other evidence.  *In re Carney*, 258 F.3d 415, 421 (5th Cir. 2001); *Castiglione v. United States Life Ins. Co. in City of N.Y.*, 262 F.Supp.2d 1025, 1030 (D AZ 2003).  This includes admissions resulting from a party's <u>failure to respond</u> to Requests for Admissions, i.e., they are just as binding as express admissions.  *See United States v. Kasuboski*, 834 F.2d 1345, 1349 (7th Cir. 1987).

Here, because Defendants failed to respond to Plaintiff's Requests for Admissions within the time prescribed by Fed. R. Civ. P. 36(a), Plaintiff's Requests for Admissions to Defendants are deemed admitted.  And, as those admissions establish Plaintiff's claims and the lack of any defense thereto, Plaintiff is entitled to summary judgment on his claim under the Copyright Act as a matter of law.

**A.    The Undisputed Evidence Establishes Defendants' Liability For Violating The Copyright Act.**

Section 106 of the Copyright Act grants the owner of a copyright certain exclusive rights with respect to the copyrighted work, including the exclusive right to reproduce the work, to prepare derivative works based on the work, and to distribute copies of the work to the public.  17 U.S.C. §106(1), (2), (3).  To establish direct infringement, a copyright plaintiff must show (1) the plaintiff's ownership of the copyright; and (2) that the alleged infringer has violated at least one of the exclusive rights granted under Section 106.  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

Here, as it is deemed admitted that Defendants' denials and defenses have no merit (Exhibits 1-5 to Zalomiy Declaration, Request for Admission Nos. 1, 2 and 3), the factual allegations in Plaintiff's First Amended Complaint are admitted.  Further, it is admitted that Plaintiff owns the copyright in the works at issue (Exhibits 1-5 to

-5-

1    Zalomiy Declaration, Request for Admission Nos. 28 and 28) and that the Defendants

2    violated those rights (Exhibits 1-5 to Zalomiy Declaration, Request for Admission

3    Nos. 14-21 and 30).

4        **B.    Defendants Should Be Permanently Enjoined From Future
         Infringement Of Plaintiff's Copyrights.**

5

6        A plaintiff is entitled to a permanent injunction against a defendant when he can

7    demonstrate that: (1) he has suffered an irreparable injury; (2) the remedies available

8    at law, such as monetary damages, are inadequate to compensate for that injury; (3)

9    considering the balance of hardships between the Plaintiff and Defendants, a remedy

10   in equity is warranted; and (4) that the public interest would not be disserved by a

11   permanent injunction.  *See*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391

12   (2006).  The Copyright Act permits a court to "grant temporary and final injunctions

13   on such terms as it may deem reasonable to prevent or refrain from infringement of a

14   copyright." 17 U.S.C. §502(a).

15       **1.    Plaintiff Has Suffered Irreparable Injury.**

16       The evidence before this Court demonstrates that Plaintiff has suffered

17   irreparable injury for which he cannot be adequately compensated.  Plaintiff has

18   demonstrated that Defendants infringed on Plaintiff's copyrights, both directly and

19   indirectly, by *inter alia*, willfully and knowingly copying, reproducing, distributing,

20   advertising, publicly performing, and publicly displaying or materially contributing to

21   or inducing the copying, reproduction, distribution, advertisement, public performance

22   of Plaintiff's Gulyaka Music.  FAC ¶¶21-69.  Defendants continued their illegal

23   activity after having received a warning that the Infringing Video they sold on DVD

24   and displayed on YouTube infringed on the Plaintiff's copyrights.  FAC, ¶¶45-48, 54-

25   56.  Plaintiff has received no guarantee that Defendants will not continue this behavior

26   in the future.  Accordingly, Plaintiff respectfully requests that this Court enter the

27   requested permanent injunction.

28   ///

2.      **Monetary Damages Are Not Adequate To Compensate Plaintiff For His Injury.**

Monetary damages are not adequate to compensate Plaintiff for his injuries caused by Defendants' infringing conduct.  *See*, *Universal City Studios, Inc. v. Film Ventures International, Inc*., 543 F. Supp. 1134, 1139 (C.D. Cal. 1982) (the diminishment of commercial exploitation of a motion picture franchise in theatrical release, television, and video cassettes was sufficient evidence that monetary damages would be inadequate).  Similarly, Defendants' use of Plaintiff's music in the Infringing DVD and the Infringing Video, which diminished the commercial exploitation of Plaintiff's music, is sufficient evidence that monetary damages would be inadequate to compensate Plaintiff.  Defendants' disregard of Plaintiff's copyright notices and misrepresenting mistake of copyright infringement does not provide any indication that Defendants will cease their infringement upon Plaintiff's work.

3.      **A Permanent Injunction Is Warranted Under The Balance Of Hardships Factor.**

The balance of hardships clearly weight in favor of entry of a permanent injunction.  Defendants willfully and knowingly copied, reproduced distributed, advertised, publicly performed and/or materially contributed to and/or induced the infringement of Plaintiff's Gulyaka Music, despite notice of their illegal actions, reaping the benefits of their infringing activities.  FAC ¶¶65, 66, 69.  Plaintiff, on the other hand, has been irreparably harmed and will continue to be irreparably harmed by the proliferation of the illegal copies of his work on the Internet, substantially damaging the value of his work.  FAC¶73.  Unless a defendant irrefutably demonstrates that it has ceased or will immediately cease its infringing actions, a permanent injunction should be granted by the Court.  *Polo Fashions, Inc. v. Dick Bruhn, Inc*., 793 F.2d 1132, 1135 (9th Cir. 1986); *see also William R. Warner & Co. v. Eli Lilly & Co*., 265 U.S. 526, 532 (1924) (a plaintiff is "entitled to effective relief; and any doubts in respect of the extend thereof must be resolved in its favor as the

-7-

innocent producer and against the [defendant], which has shown by its conduct that it is not to be trusted").  Further, if Defendant do not intend to infringe in the future, a permanent injunction would not harm them; but if they doe continue to infringe Plaintiff's work, the injunction provides substantial protection to Plaintiff.  *See*, *Polo Fashions, Inc*., 793 F.2d at 1135-36.  As a result, the balance of hardships clearly favors entry of a permanent injunction.

### C.    Plaintiff Is Entitled To Actual Damages, Defendants' Profits, And His Attorneys' Fees And Costs.

#### 1.    Actual damages.

The Copyright Act allows recovery of either statutory damages, or "actual damages suffered by [the copyright owner] as a result of the infringement" plus "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages."  17 U.S.C. §504(a), (b).  Actual damages are awarded to compensate for demonstrable harm caused by infringement.  *Polar Bear Prods., Inc. v. Timex Corp*., 384 F.3d 700, 708 (9th Cir. 2004).  The phrase "actual damages" is defined as the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement.

To determine the work's "market value" at the time of the infringement, a hypothetical approach is endorsed:  what a willing buyer would have been reasonably required to pay to a willing seller for the owner's work.  *Mackie v. Rieser*, 296 F.3d 909 (9th Cir. Wash. 2002); *Polar Bear*, 384 F.3d at 708-09 (confirming "the value of the use of the copyrighted work to the infringer" as among the actual damages available, and upholding jury award of license where plaintiff's expert provided credible evidence in support of awarded amount).

Plaintiff's prior licensing history shows what a willing buyer would reasonably pay to a willing seller for Plaintiff's Gulyaka Music.  Specifically, in 2009, Plaintiff granted a right to pair the Gulyaka Music with advertising video to a third party for $10,040.00.  *See* Declaration of Plaintiff Sergei Sarytchev, ¶17 and Exhibit 8 thereto

-8-

1   filed herein on November 14, 2012.  (Doc. Nos. 42 and 42-8).  Thus, it is reasonable

2   to conclude, that Plaintiff would have received at least the same amount for grant of a

3   synchronization license (i.e., the license to pair Plaintiff's Gulyaka Music with

4   Defendants' video, i.e., the Video and the DVD) to Defendants herein.

5         Furthermore, it is important to note that to lawfully produce their Infringing

6   Video and Infringing DVD, Defendants would have required to obtain both a

7   performance license and a synchronization license.  However, Plaintiff's request for

8   an award of $10,040.00 in actual damages is based solely on the value of a

9   synchronization license.  Therefore, Plaintiff's request for damages based only on a

10   synchronization license is inherently reasonable.

                        **2.      Profits.**

12         The copyright owner prevailing in a statutory infringement action is entitled to

13   recover "any profits of the infringer that are attributable to the infringement and are

14   not taken into account in computing the actual damages."  17 U.S.C. §504(b).  The

15   defendant is required to render a true and complete accounting.  *Sid & Marty Krofft*

16   *Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977).  Here,

17   Defendants failed to respond to Plaintiff's written interrogatories regarding

18   Defendants' profits received from their infringement on Plaintiff's copyrights.

19   Zalomiy Declaration, ¶3 and **Exhibits 6-8**.

20         However, the Infringing DVD is currently sold in the USA for $12.99 per disk.

21   Declaration of Olga Zalomiy Decl., ¶7. *See* Declaration of Olga Zalomiy, ¶7 filed

22   herein on November 14, 2012.  (Doc. No. 43).  Further, the Gulyaka DVD displayed

23   on Defendant Korolev's YouTube channel received 3,696 hits.  Zalomiy Decl., ¶8 and

24   Exhibit 3.  (Doc Nos. 43 and 43-3).  Taking into account the Infringing DVD's

25   popularity and the fact that it has been sold for at least five years, it is reasonable to

26   conclude that Defendants sold at least 1,500 copies.  Therefore, Plaintiff requests an

27   award of $10,000.00, which is less than Defendants' profits from the sale of the

28   Infringing DVD.

**3.  Attorneys' Fees And Costs.**

Under the Copyright Act, the Court has discretion to award Plaintiff his costs and reasonable attorneys' fees. 17 U.S.C. §505. Attorneys' fees under the Copyright Act may be freely awarded to the prevailing party as long as it "seek[s] to promote the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378-79 (9th Cir. 1996), *citing Fantasy Inv. v. Fogerty*, 510 U.S. 517 (1994). As shown above and set forth in the FAC, Defendants willfully infringed Plaintiff's copyrights, thereby entitling Plaintiff to his attorneys' fees and costs.

Here, Plaintiff's counsel reasonably spent 177.8 hours on the prosecution of this matter through November 21, 2013, the value of which is $52,620.00. *See* Zalomiy Declaration, ¶4. Plaintiff also incurred expenses of $3,998.30. *Id.*, at ¶4. Plaintiff therefore seeks an award of attorney's fees and costs of $56,618.30.

**III.  CONCLUSION.**

Based on the foregoing, Plaintiff respectfully requests that the Court grant this Motion for Partial Summary Judgment against Defendants Korolev, Rumiantseva, Liliev, Gorev, and Classic-Partner, in its entirety, including an award of actual damages of $10,040.00; disgorgement of Defendants' profits in at least the sum of $10,000.00; attorneys' fees and costs of $56,618.30; and a permanent injunction against Defendants prohibiting them from engaging in future infringement of Plaintiff's copyrights.

DATED:  November 21, 2013                 Respectfully submitted,

BARNHILL & VAYNEROV LLP

By:    Steven M. Barnhill
Attorneys for Plaintiff Sergei Sarytchev

-10-