UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

SERGEI SARYTCHEV,

          Plaintiff,

    v.

VIXTOR KOROLEV, *et al*.,

          Defendants.

Case No.  12-cv-02284-NJV

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS; ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. Nos. 83, 86

## INTRODUCTION

Defendants repeatedly have failed to meet deadlines imposed by the Federal Rules of Civil Procedure, the Local Rules of this District, and this court.  Mindful of the difficulties defense counsel faced in working with clients who resided abroad, this court on prior occasions denied Plaintiff's request for sanctions, but warned Defendants that any further failures on their part to abide by the applicable rules and deadlines would be met with sanctions.  Plaintiff moved for sanctions anew after Defendants failed to comply with the court's explicit discovery order.  Doc. No. 83.  For the reasons articulated below, the court will grant in part Plaintiff's motion for sanctions.

In addition, Defendants' motion to dismiss has been fully briefed by the parties.  *See* Doc. Nos. 86, 90.  (Defendants did not to file a reply in support of their motion to address the fatal flaws Plaintiff raised in his opposition.)  The court found the matter appropriate for decision without oral argument and accordingly vacated the hearing scheduled for December 3, 2013.  For the reasons stated below, the court will deny the motion to dismiss.

1

# BACKGROUND

2    Plaintiff filed a copyright infringement action in this court in May 2012, alleging that

3 Defendants had made unauthorized use of his music. *See* Doc. No. 1 (Compl.); *see also* Doc. No.

4 6 (Amended Compl.).  In June 2012, Plaintiff filed affidavits of service averring that he served the

5 amended complaint on defendants Liliev, Gorev, Classic Partner LLC, Korolev, and Rumiantseva

6 at various dates no later than June 18, 2012. *See* Doc. Nos. 7-11.  When Defendants failed to

7 answer the amended complaint, Plaintiff moved for entry of default.  Doc. No. 13.  The Clerk of

8 the Court entered default as to Gorev, Classic Partner LLC, Korolev, and Rumiantseva on July 19,

9 2012.  Doc. No. 14.  The following day, defendant Classic Partner LLC answered the amended

10 complaint.  Doc. No. 15.  On July 23, 2013, the Clerk of the Court entered default as to Liliev.

11 Doc. No. 16.  Liliev and Gorev filed answers to the amended complaint on August 6, 2012, which

12 were stricken by the district court. *See* Doc. Nos. 20, 21 and 35.  (The case at that time was

13 assigned to a district court judge; as explained further below, upon the parties' consent to

14 assignment to a magistrate judge, the matter was reassigned to the undersigned.)

15    At this point, Defendants obtained counsel. *See* Doc. Nos. 36 & 37.  Plaintiff filed a

16 motion for default judgment as to all defendants.  Doc. No. 41.  Defendants answered the amended

17 complaint, but their answer was subsequently stricken by the court as it was improperly filed

18 while they were in default.  Doc. Nos. 46, 50.  The court also denied Plaintiff's motion for default

19 judgment and ordered Defendants to proceed by filing a motion to set aside the defaults that had

20 been entered against them.  Doc. No. 50 ("While defendants have shown an intent to defend the

21 action, they must follow the proper procedures in order to proceed. First, defendants must move,

22 under Rule 55(c), to set aside the default entered against them. Next, assuming the default is set

23 aside, defendants may re-file their answer. Defendants must move to set aside the defaults by

24 January 25, 2013. If defendants file anything other than a motion to set aside the default, those

25 filings will be stricken").  Defendants filed a motion to set aside default judgment based on

26 California Code of Civil Procedure 473(b).  Doc. No. 51.  After the parties consented to

27 assignment to a Magistrate Judge for all purposes (Doc. No. 52 at 7), the district court referred the

28 case to the undersigned. *See* Doc. Nos. 53, 55.

United States District Court
Northern District of California

The undersigned denied Defendants' motion to set aside entry of default without prejudice. Doc. No. 57 ("This case is in federal court.  Defendants' motion therefore should be based on Federal Rule of Civil Procedure 55(c), not California Code of Civil Procedure 473(b). . . . Defendants are ordered to familiarize themselves with the Local Rules of the Northern District of California and the Standing Orders of this court").

On March 4, 2013, Defendants moved to set aside the entry of default against them.  Doc. No. 58.  Because Defendants had failed to address sufficiently the elements they were required to prove to obtain relief under Fed. R. Civ. P. 55(c), the court issued an order before the hearing, directing Defendants to articulate specific facts establishing the existence of a meritorious defense. Doc. No. 61.  Defendants filed a belated reply, in which they represented that they had a meritorious defense to this action, to wit, they had permission to use the work at issue.  *See* Doc. No. 62 at 3.  The court acknowledged that the case presented a "close question" but ultimately set aside the default.  Doc. No. 64 (finding that reopening the case would not prejudice Plaintiff; that while Defendants may have been negligent in their handling of the lawsuit, they were not culpable under Ninth Circuit law; and finally, "Defendants present facts that, if true, would constitute a defense. . . . Defendants at oral argument represented that they were given rights to use the music at issue").  The court also denied Plaintiff's motion for sanctions, but found that Defendants' "repeated violations of the Federal Rules of Civil Procedure imposed needless costs on Plaintiff and wasted judicial resources. . . Although this was, once again, a close question, the court will not impose sanctions at this time."  *Id*. at 5-6.  The court scheduled a case management conference and warned Defendants that, "[f]rom this point on, the court will hold the parties strictly accountable to all applicable rules of federal procedure, local rules, standing orders and case management orders."  *Id*. at 6.  On April 30, 2013, Defendants answered the amended complaint.  Doc. No. 65. They admitted that this court had jurisdiction over the action and asserted a myriad of affirmative defenses, including the defense that they had express or implied license or permission to use the work.  *Id*. at 2, 11.

On May 2, 2013, the parties filed a joint case management conference statement.  Doc. No. 66.  The parties represented that the court had subject and personal matter jurisdiction in this

United States District Court
Northern District of California

1    action, that venue was proper, and that the parties consented to the assignment of the action to a

2    magistrate judge. *Id*. at 2, 11.  In its Case Management Statement, the undersigned ordered the

3    parties to "file proofs of service of discovery documents . . . on the date the documents are served.

4    Failure to file proofs of service shall constitute an admission that the discovery was not timely

5    served." Doc. No. 70 at 2.  The undersigned also stated that "Sanctions shall be issued for any

6    future missed deadlines." *Id*.

7         Plaintiff propounded discovery relating to Defendants' denials in their answer, and their

8    affirmative defense based on their representation that they had received "express permission" to

9    use the song at issue in this action.  *See* Doc. No. 74.  Defendants served their discovery responses

10   two weeks late.  Plaintiff informed them that the responses were inadequate.  Defendants failed to

11   follow-through on a promise to file a joint stipulation that would have obviated the need for

12   Plaintiff to file a motion to compel.  Plaintiff moved to compel.  *Id*.  Defendants' opposition to the

13   motion to compel was flippant.  *See* Doc. No. 77.  On August 20, 2013, the court granted the

14   motion to compel and set out very specifically what Defendants were required to do to comply

15   with its order.  Doc. No. 78.  First, the court ordered Defendants to provide a declaration stating

16   whether they had produced all responsive documents in their possession, custody or control, and

17   whether they had withheld any documents pursuant to objections.  *Id*. at 2.  Second, the court

18   reminded Defendants of its prior warnings, and found that, by their lateness, Defendants had

19   waived all objections to the interrogatories, including objections based on privilege and work-

20   product (but as to those objections, only until the date of filing the lawsuit).  Third, the court

21   ordered Defendants to provide adequate Rule 26 disclosures.  Finally, the court also found that:

22        Defendants' belated responses to the interrogatory also are
          substantively inadequate. Whereas Plaintiff asked Defendants to
23        "state all facts" that support their denials and affirmative defenses
          (Doc. No. 75, Ex. 19), Defendants asserted that they "had express
24        permission and therefore a constitutional right to use the alleged
          infringed upon work." *See* Doc. No. 75, Ex. 20 (Defendants use
25        variations of the same assertion in response to most of the
          interrogatories).  Defendants' conclusory response fails to "state all
26        facts." Indeed, it fails to state any facts regarding the "express
          permission" Defendants received, including who gave permission,
27        when, to whom, and for what. Defendants must provide all the
          information known or available to them by reviewing their records,
28        and consulting with their agents or employees. In opposition to the

United States District Court
Northern District of California

1   motion to compel, Defendants argue that they have "answered all of
    the Plaintiff's Interrogatories to the best of their knowledge
2   information and belief." Doc. No. 77. If Defendants cannot provide
    any additional facts in response to the Interrogatories, each of them
3   shall submit a declaration, under oath, setting forth the efforts they
    undertook to obtain the requested information, and the basis on
4   which they rely in asserting that they had "express permission" to
    use the work.

5   Doc. No. 78 at 3.  The court ordered Defendants to supplement their responses within 21 days of

6   the order.  *Id*.

7          Defendants moved for an extension of time in which to comply with the order.  Doc. No.

8   79.  The court granted the extension, and ordered Defendants to serve their responses no later than

9   September 24, 2013.  Doc. No. 80.  Defendants did not respond to the discovery by that date.[1]

10  Instead, they filed an "amended answer to Plaintiff's complaint" (Doc. No. 81), without seeking

11  leave of court or obtaining a stipulation from Plaintiff.  Doc. No. 81.  On October 5, 2013, after

12  Plaintiff threatened to file this motion for sanctions, Defendants finally provided discovery

13  responses in the form of amended Rule 26 disclosures; unsigned interrogatory responses that did

14  not reproduce the questions asked by Plaintiff; and copies of purported license agreements.  *See*

15  Doc. No. 84 (Barnhill Decl. iso Motion for Sanctions) ¶¶ 11-13 & Exs. 3-5.  Defendants'

16  supplemental response to the interrogatory asking them to state all facts supporting their defense

17  that they had permission to use the song at issue states, in full, that "the exhibits giving the

18  defendant permission to perform his song are attached to the defendants Amended Answer."  *See*

19  Doc. No. 84, Ex. 4 at 4.

20         The attached exhibits do not satisfy Defendants' discovery obligations.  First, these

21  documents are not accompanied by the original signed documents, are not certified to be accurate

22  translations, and are not authenticated by any party in this action in the opposition to the motion

23  for sanctions (or the motion to dismiss).   Second, they do not obviously constitute a license or

24  other permission by Plaintiff to any of the Defendants.  The first purported license agreement, in

25  English on plain white paper, is between "Classic Company in the name of Gorev D.L." and

26  Russian Authors Society; it mentions neither the name of Plaintiff nor of the song being licensed.

27  

28  _____

[1] Defendants also never filed the proofs of service showing that they had responded to the discovery, as the undersigned had ordered.  *See* Doc. No. 70 at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Doc. No. 84, Ex. 5 at 2.  The second purported license, also in English and on plain white paper, is

2   between "CJSC Classic Company" and Koralev Victor Ivanovich as the "rightowner"; in an

3   attachment, it mentions the name of Plaintiff as "composer" of the song at issue and of Koralev as

4   "singer."  At the November 19, 2013 hearing, the court asked counsel for Defendants how the

5   documents his clients produced in discovery supported their contention that Plaintiff had given

6   them permission to use his song.  Counsel stated that these were the documents that were supplied

7   to him by his clients; counsel did not argue that the documents supported his clients' position.

8       Despite the court's order to do so, as of the date of this order, Defendants still have not

9   provided the original licenses, additional "facts regarding the 'express permission' Defendants

10  received, including who gave permission, when, to whom, and for what," or the declarations

11  ordered by the court explaining whether they produced all responsive documents in their

12  possession and "setting forth the efforts they undertook to obtain the requested information, and

13  the basis on which they rely in asserting that they had 'express permission' to use the work."  *See*

14  Doc. No. 78 at 2-3.

15      Plaintiff filed this motion, seeking terminating and monetary sanctions against Defendants.

16  Defendants' two-page opposition does not refute any of Plaintiff's arguments.  Doc. No. 87.

17  Instead, defense counsel argues that he was late in responding to the discovery requests because of

18  vacation plans and holidays, and that Plaintiff's counsel is unreasonable.  *Id*. at 2.  This ignores the

19  fact that defense counsel obtained a two-week extension from the court to accommodate his

20  vacation plans and holidays (*see* Doc. No. 79), but that he nevertheless missed that new deadline

21  by almost two weeks.  Defendants also argue that Plaintiff has failed to respond to their discovery,

22  without mentioning that Plaintiff's deadline for responding has not yet passed.  (Defendants

23  similarly misrepresent Plaintiff's position regarding his deposition.  *See* Doc. No. 88.)

24      On October 23, 2013, Defendants filed a motion to dismiss or in the alternative for

25  judgment on the pleadings.  *See* Doc. No. 86.[2]  Defendants' two-paragraph motion asks the court

26

27      [2] The court notes that Defendants never provided courtesy copies of their motion -- or any
28  other document -- to the court, as required by N.D. Civ. L.R. 5-1(d)(7), and this court's Standing
    Order, ¶ 13.

6

to dismiss the action for lack of personal jurisdiction and insufficient service of process, as well as failure to exceed the $75,000 amount-in-controversy requirement.  *Id*.

# DISCUSSION

### A.  Defendants' Amended Answer Is Improper And Will Be Stricken.

Defendants filed their operative answer on April 30, 2013.  Doc. No. 65.  Federal Rule of Civil Procedure 15(a)(1), as applicable here, specifies that parties may amend their pleadings once as a matter of course within 21 days of serving their pleading, but that in "all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  *Id*.  In addition, in its Case Management Order, the court set a deadline to amend pleadings of 90 days before the close of fact discovery, or August 18, 2013 (including an extension).  The court also specified that pleadings could be amended only by motion or stipulation.  *Id*.  Defendants filed their amended answer on September 19, 2013 -- well outside the limits imposed by Fed. R. Civ. P. 15(a)(1), and a month after the court-imposed deadline.  Doc. No. 81.  Defendants did so without a stipulation or motion. Defendants offer no explanation in their opposition to the motion for sanctions for their failure to abide by the Rules of Civil Procedure or this court's Case Management Order.  The court accordingly strikes Defendants' amended answer from the docket.

### B.  Defendants' Failure To Comply With The Court's Orders Is Sanctionable Pursuant To Federal Rule Of Civil Procedure 37.

The federal rules allow courts to impose a variety of sanctions on parties for disobeying a discovery order:

> (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> > (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

1

(ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

2

(iii) striking pleadings in whole or in part;

3

(iv) staying further proceedings until the order is obeyed;

4

(v) dismissing the action or proceeding in whole or in part

5

(vi) rendering a default judgment against the disobedient party; or

6

7

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

8

9  Fed. R. Civ. P. 37(b)(2)(A).

10        Furthermore, the rule *requires* the court to order "the disobedient party, the attorney

11  advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by

12  the failure, unless the failure was substantially justified or other circumstances make an award of

13  expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

14        As described fully above, Defendants violated the terms of the court's August 20, 2013

15  order in numerous ways. *See* pp. 5-6. To summarize the two most egregious violations:

16  Defendants did not supplement their discovery responses in any manner until almost two weeks

17  after the court's extended deadline for doing so; and the belated responses remain grossly

18  inadequate, as Defendants did not provide the substantive information nor the declarations the

19  court ordered them to provide. Notably, at the November 19, 2013 hearing, defense counsel stated

20  that he did not disagree with Plaintiff's assessment that Defendants had not complied with the

21  court's discovery order. The court has warned Defendants that any future failures to meet

22  deadlines or follow court orders would be met with sanctions. *See* Doc. Nos. 70 & 78.

23        Although the court will not yet grant Plaintiff's request for terminating sanctions, the court

24  finds that Defendants' latest violations warrant severe sanctions. Since the beginning of this

25  action, Defendants have represented that they had a license and/or express permission to use

26  Plaintiff's copyrighted work. Despite being ordered to do so by this court, however, they have

27  failed to produce any legally cognizable evidence of any license or permission by Plaintiff to use

28  the song and have failed to offer any facts to support this defense. Setting aside the fact that the

United States District Court
Northern District of California

8

purported licenses Defendants produced well after their deadline for doing so are translated, uncertified copies, unaccompanied by originals, and unauthenticated by anyone with personal knowledge of the documents, they do not, on their face, give them that permission.  Under these circumstances, the court will impose evidence preclusion sanctions against Defendants. Defendants shall be precluded from arguing or relying on any evidence tending to support their argument, that they had a license or other permission to use Plaintiff's work.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (disobedient party shall be prohibited "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").  The court also warns Defendants that any future violations of its orders may result in case-terminating sanctions.

Plaintiff requests monetary sanctions in the form of fees and costs he incurred in bringing this motion.  *See* Doc. No. 86 at 23.  The court finds that Defendants' failure to obey the August 20, 2013 order was not "substantially justified" nor that "other circumstances make an award of expenses unjust."  Accordingly, the court finds that monetary sanctions under Fed. R. Civ. P. 37(b)(2)(C) are mandatory in this instance.  Plaintiff has requested a total of 38 hours at a rate of $300 per hour, for a total amount of $11,400.  No later than two weeks from the date of this order, Plaintiff's counsel shall submit a declaration itemizing the fees and costs incurred in connection with this motion.  By subsequent order, the court will award Plaintiff's counsel all or a reasonable portion of his fees and costs.

### C.  **Defendants' Motion To Dismiss Is Meritless And Will Be Denied.**

Defendants' motion to dismiss[3] asserts two arguments: the court lacks personal jurisdiction because Plaintiff never effectuated service on them, and the court lacks jurisdiction because the amount in controversy is not met.  Both arguments fail.

Defendants waived any personal jurisdiction/insufficiency of process arguments by failing to assert them in their motion for relief from entry of default, in a Rule 12(b) motion before answering the amended complaint, or in their answer to the amended complaint.  *See* Fed. R. Civ.

---

[3] Because Defendants filed this motion to dismiss after filing an answer, their motion must be treated as a motion for judgment on the pleadings.  *See Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    P. 12(h)(1).  Far from raising these defenses as bases for relief, they have agreed that this court has

2    personal jurisdiction and that venue is proper here.  *See* Doc. Nos. 65, 66; *see also* Doc. No. 52

3    (consenting to assignment to magistrate judge for all purposes).  And finally, Defendants'

4    argument that "there is no indication or showing that the Defendants were served in this case nor

5    is there proof of that said service was filed with the Court" is squarely belied by the record.

6    Plaintiff filed proofs of service of the Amended Complaint on every defendant.  *See* Doc. Nos. 7-

7    11.  Defendants' argument is not supported by any declarations (or other evidence) and counsel's

8    conclusory, unsubstantiated, assertion that his clients were never served does not support

9    dismissal.

10        Defendants' argument that the case must be dismissed because Plaintiff has not claimed an

11   amount exceeding the $75,000 amount in controversy requirement applicable in diversity

12   jurisdiction cases also fails.  This is a copyright action (*see* Doc. No. 6), over which this court has

13   original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  There is no amount in controversy

14   requirement in federal question cases, and this court has supplemental jurisdiction over Plaintiff's

15   related state law claims.  *See* 28 U.S.C. §§ 1331, 1367(a).  Defendants have admitted jurisdiction

16   exists in earlier filings.  *See* Doc. Nos. 65 at 2, 66 at 2.

17        The motion accordingly will be denied.

18                                **CONCLUSION**

19   For the reasons stated above:

20        The court grants Plaintiff's motion for sanctions in part.  The amended answer is stricken.

21   Defendants shall be precluded from arguing that they had a license or permission to use Plaintiff's

22   work, or from introducing any evidence tending to support that argument, including at summary

23   judgment and at trial;

24        The court grants Plaintiff's request for attorneys' fees and cost.  Plaintiff shall submit the

25   declaration detailing his fees and expenses as requested above within 14 days of this order; and,

26   //

27   //

28   //

1    The court denies Defendants' motion to dismiss or in the alternative for judgment on the

2  pleadings.

3        **IT IS SO ORDERED**.

4  Dated:  November 21, 2013

5  _____

6                                              NANDOR J. VADAS
                                              United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

11